25CA0576 Peo in Interest of Snyder 06-12-2025

COLORADO COURT OF APPEALS
_____

Court of Appeals No. 25CA0576
Arapahoe County District Court No. 25MH108
Honorable H. Clay Hurst, Judge
_____

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Patrick Snyder,

Respondent-Appellant.
_____

ORDER AFFIRMED

Division V
Opinion by JUDGE JOHNSON
Welling and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 12, 2025
_____

Ron Carl, County Attorney, Meghan Rubincam, Senior Assistant County
Attorney, Aurora, Colorado, for Petitioner-Appellee

Tezak Law P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1     Patrick Snyder (Snyder) appeals the district court's order certifying him for long-term care and treatment.  He contests the sufficiency of the evidence supporting the order.  We affirm.

## I.     Background

¶ 2     Snyder has been a client of Aurora Mental Health & Recovery (AMHR) since 2020.  He has a longstanding history of psychiatric hospitalizations and difficulty following through with treatment recommendations, including maintaining compliance with prescribed antidepressant, mood-stabilizing, and antipsychotic medications.

¶ 3     Snyder was originally certified for short-term treatment at AMHR.  On February 26, 2025, his treatment provider, Dr. Kris Olson (Dr. Olson), filed a petition for long-term certification on an outpatient basis.  The petition alleged that Snyder is a danger to others and is gravely disabled.  Although Snyder had accepted voluntary treatment, the petition alleged that reasonable grounds existed to believe that he would not remain in a voluntary treatment program.

¶ 4     The district court held a hearing on the matter and entered an order confirming the long-term certification.  As relevant here, the court found by clear and convincing evidence that (1) Snyder is gravely disabled as a result of his mental health disorder and (2) reasonable grounds exist to believe he will not remain in treatment voluntarily, notwithstanding his previous acceptance of treatment. The court rejected the allegation that Snyder is a danger to others.

## II.     Standard of Review and Applicable Law

¶ 5     In reviewing the sufficiency of the evidence in a mental health proceeding, we determine whether the evidence, viewed as a whole and in the light most favorable to the petitioning party, is sufficient to support the court's order.  *People in Interest of R.K.L.*, 2016 COA 84, ¶ 13.  We defer to the court's factual findings if there is evidence supporting them, but we review the court's legal conclusions de novo.  *People in Interest of Strodtman*, 293 P.3d 123, 131 (Colo. App. 2011).

¶ 6     Under specified circumstances, section 27-65-110, C.R.S. 2024, permits a professional in charge of a patient's short-term

2

certification and treatment to file a petition to certify the patient for long-term care and treatment. *See* § 27-65-110(1); *see generally Perreira v. State*, 768 P.2d 1198 (Colo. 1989) (providing an overview of the certification process). As relevant here, to authorize long-term certification for mental health treatment, a court must find by clear and convincing evidence that the patient (1) has a mental health disorder and, as a result, is gravely disabled or a danger to himself or others; and (2) has been advised of the availability of, but has not accepted, voluntary treatment. §§ 27-65-110(1)(a)-(b), 27-65-113(1), C.R.S. 2024. Clear and convincing evidence is "evidence that is highly probable and free from serious or substantial doubt." *Destination Maternity v. Burren*, 2020 CO 41, ¶ 10 (citation omitted). If reasonable grounds exist to believe that the patient will not remain in a voluntary treatment program, however, the patient's acceptance of voluntary treatment does not preclude a long-term certification order. § 27-65-110(1)(b).

## III.   Analysis

¶ 7     Snyder contends that insufficient evidence supports the district court's conclusion that he is gravely disabled.  He further contends that the district court erred by finding that reasonable grounds exist to believe that he will not remain in treatment voluntarily.  We reject these contentions.

### A.   Gravely Disabled

¶ 8     "Gravely disabled" means that, due to a mental health disorder, a person is incapable of making informed decisions about or providing for his essential needs without significant supervision and assistance from other people.  § 27-65-102(17), C.R.S. 2024.  As a result, such a person "is at risk of substantial bodily harm, dangerous worsening of any concomitant serious physical illness, significant psychiatric deterioration, or mismanagement of the person's essential needs that could result in substantial bodily harm."  *Id.*  A person is gravely disabled if he is "unable to take care of basic personal needs."  *People v. Taylor*, 618 P.2d 1127, 1134 (Colo. 1980).  Basic personal needs means "those fundamental necessities of human existence, such as food, shelter, clothing, and

4

medical care, which an individual must obtain and maintain in order to live safely." *Id.*

¶ 9 Snyder asserts that the evidence does not support a finding that he is gravely disabled because Dr. Olson testified that, "at one time," Snyder was "capable of making decisions about or providing for his essential needs without significant supervision from others" and was able to "make his own meals and those sorts of things." But Dr. Olson testified that his ability to care for himself was "in the past when he was . . . better medicated," and that he is not presently able to "effectively participate in treatment planning in his psychiatric care" due to "his lack of understanding or acceptance of . . . having a mental illness." And she testified that Snyder currently resides in an assisted living facility, to which a team at AMHR helped him get admitted and without which he would have "nowhere to go."

¶ 10 Dr. Olson noted that the staff at the assisted living facility provides medication management and meals, and the facility is a safe place to live. And she testified that Snyder is not currently

5

capable of "making informed decisions about his mental health treatment and [the] medications that he needs." Finally, she stated that, if his certification was terminated, his prognosis would be poor because she would expect that he would cease taking his medications, his psychotic symptoms would increase, and his mood and instability "would be worse." As result, her expert opinion was that Snyder is gravely disabled as a result of his mental illness.

¶ 11 Under these circumstances, we perceive no error in the district court's determination that Snyder is gravely disabled. The record supports the determination that Snyder is presently reliant on others to make certain informed decisions and for certain essential needs, and that he is at risk for serious deterioration without "all the supports that he's relying on right now."

¶ 12 We are not persuaded otherwise by Snyder's reliance on his own recognition that he "[p]robably" has a mental health disorder and accepts the fact that he needs to be treated but would like to choose a different provider. These facts do not undermine Dr. Olson's testimony, which the district court found "most credible."

6

### B. Reasonable Grounds

¶ 13    Snyder also asserts that the record does not support the court's finding that reasonable grounds exist to believe that he will not remain in a voluntary treatment program. He relies on Dr. Olson's testimony that he resides at the assisted living facility voluntarily, as well as his testimony that he does not contest his need for treatment. Be that as it may, Dr. Olson's certification statement — on which the court relied — represented that such reasonable grounds existed. Dr. Olson testified that although Snyder had expressed a desire to find a different care provider, she was not confident that "he would stay in care with another provider," in part because of his history of ceasing medications, and in part because he had expressed a desire to leave the state.

¶ 14    Thus, we conclude that sufficient evidence supports the court's determination.

### IV. Conclusion

¶ 15    The order is affirmed.

JUDGE WELLING and JUDGE GROVE concur.